# IN THE COURT OF APPEALS OF IOWA

No. 15-0490
Filed June 10, 2015

IN THE INTEREST OF S.F. and A.F.,
Minor Children,

D.F., Father,
Appellant.
_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.


A father appeals from the order terminating his parental rights.
**AFFIRMED.**


Timothy Tupper, Davenport, for appellant father.

Clark Miljush, Rock Island, Illinois, for mother.

Thomas J. Miller, Atttorney General, Kathrine Miller-Todd and Kathryn Lang, Assistant Attorneys General, Michael J. Walton, County Attorney, Julie Walton, Assistant County Attorney, for appellee State.

Matthew Hatch of Hatch Law Firm, P.C., Bettendorf, for minor child.

Patricia A. Rolfstad, Davenport, for minor child.


Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DANILSON, C.J.**

A father appeals the termination of his parental rights to his two children, S.F. and A.F.[1]  Because the father does not challenge that the statutory grounds for termination exist, it is in the best interests of the children to terminate, and no factor precludes termination, we affirm.

Our review of termination decisions is de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them.  *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010).  An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116 (2013).  *Id.*  Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence.  *Id.*

Iowa Code chapter 232 termination of parental rights follows a three-step analysis.  *P.L.*, 778 N.W.2d at 39.  The court must first determine whether a ground for termination under section 232.116(1) has been established.  *Id.*  If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights.  *Id.*  Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights.  *Id.*

---

[1] The mother's parental rights have also been terminated.  She does not appeal.

The juvenile court terminated the father's parental rights to both children pursuant to Iowa Code sections 232.116(1)(d), (f), (i), and (*l*).[2] The father does not dispute that the statutory grounds for termination have been met. Thus, any claim of error related to the statutory grounds has been waived. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal.").

The father maintains it is not in the best interests of the children to terminate his parental rights. He also maintains that he should have been given additional time to work towards reunification, pursuant to Iowa Code section 232.104(2)(b).

The Iowa Department of Human Services (DHS) first became involved with the family in July 2009 because of issues involving parental substance abuse and domestic violence. The children were removed from the family home from May 14, 2013, until August 18, 2014. The children were returned to their parents' care from August 18 until September 26, 2014, but were removed when DHS learned that the parents had begun drinking again. The father maintains that he does not have a drinking problem and is not addicted to alcohol although he has been diagnosed with a "severe alcohol-related disorder." Additionally, the father missed a visit on January 10, 2015. He claimed he was ill and could not attend, but when the care coordinator visited him at his residence, he appeared to be intoxicated. At a January 21, 2015 visit, the father smelled of alcohol and

---

[2] Iowa Rule of Appellate Procedure 6.201(1)(e)(2)(2) directs the appellant to attach a copy of the termination order to their petition on appeal. Here, the appellant only attached every other page of the order. We urge appellants to be fully compliant in the future.

behaved inappropriately. A test conducted after the visit confirmed he had been drinking. The father is in denial about the severity of his addiction. He maintains DHS is only involved with the family due to the mother's issues with drinking. At the termination hearing, he stated he does not have a problem with alcohol and he will continue to drink. He believes he can keep the children safe because he has family who can care for them when he drinks. However, in the past, the father has imbibed until he passed out while the children were in his care. S.F., who was fourteen at the time of the termination hearing, has stated that she is "ready to move on" and "tired of the cycle with her parents' addiction." The juvenile court noted that S.F. is a good student and "mature beyond her years." The court also observed that S.F. "would love to return to her parents' custody if they could maintain sobriety but is reportedly resigned to the fact they are powerless over their addiction to alcohol at this time." S.F. also does not want her sister being raised in and out of homes.

Although it is clear the children and their father share a loving relationship and are bonded, we believe termination of the father's parental rights is in the best interests of the children. The needs of the children are paramount to saving the parent-child bond in these circumstances. Further, the children's foster family would like to adopt the children, and they support S.F.'s need to stay in contact with her parents, which we find commendable. We also do not believe an additional six months to work towards reunification would alleviate the current issues and concerns as the father is in denial regarding his addiction to alcohol and the effect it has on his children.

Finding no factor in section 232.116(3) that precludes termination of the father's parental rights, we affirm.

**AFFIRMED.**